UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MOORE, et al.,

    Plaintiffs,

v.

    File No. 1:08-cv-1167

    HON. ROBERT HOLMES BELL

MENASHA CORPORATION,

    Defendant.
_____/

**O P I N I O N**

    This matter is before the Court on Defendant Menasha Corporation's motion to dismiss the case pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure, or in the alternative to transfer the case to an alternate forum, pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 7.) The Court heard oral argument on April 23, 2009. At the motion hearing, the Court denied Defendant's motion to transfer the case for the reasons stated on the record. For the reasons stated herein, the Court will also deny Defendant's motion to dismiss the case.

**I.**

    Plaintiffs are retirees and their spouses and a worker's union. Plaintiffs sued Defendant Menasha Corporation claiming violation of collective bargaining agreements ("CBAs") that allegedly require Defendant to provide free healthcare coverage to Plaintiffs

for life.  Count I alleges violation of the CBAs pursuant to § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Count II seeks to enforce the terms of a welfare benefit plan pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  The benefit plan is not a party to this action. Defendant argues that Plaintiffs' action should be dismissed pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure because the benefit plan is a necessary and indispensable party to this action.

## II.

Rule 12(b)(7) of the Federal Rules of Civil Procedure requires dismissal of a case "for failure to join a party under Rule 19."  Rule 19 provides a three-step test for determining whether an absent party must be joined:

> First, the court must determine whether the party is necessary and should be joined under Rule 19(a). If the person or entity is a necessary party, the court looks to whether joinder is feasible, or if a lack of subject matter or personal jurisdiction makes joinder impossible. Third, if joinder is not possible, the court must weigh the equities of the situation pursuant to Rule 19(b) and determine if the suit can continue in the party's absence or if the case should be dismissed because the party is indispensable.

*Am. Express Travel Related Servs. Co. v. Bank One-Dearborn, N.A.*, No. 05-1900, 195 F. App'x 458, 460 (6th Cir. Aug. 24, 2006) (unpublished) (citing *Hooper v. Wolfe*, 396 F.3d 744, 747 (6th Cir. 2005)).

According to Rule 19, a party subject to service of process, whose joinder will not deprive the court of subject-matter jurisdiction, "*must be joined*" if (a) "in that person's

absence, the court cannot accord complete relief among the parties," or (b) "that person claims an interest" such that disposing of the action in that person's absence may "impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). If that person cannot be joined, the Court must consider whether the action should proceed, based on the following four factors: "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided . . .; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder." Fed. R. Civ. P. 19(b).

Defendant contends that its health and welfare benefits programs, including the program providing the benefits at issue in this case, are part of its global Basic Benefit Plan ("BBP"). Defendant first argues that BBP is a necessary party because the employer is generally not a proper party-defendant to an ERISA claim for recovery of benefits, citing *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988), and *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1490 (7th Cir. 1996). However, *Daniel* does not hold that the benefit plan is the *only* proper defendant to an ERISA claim, or that an employer is *never* a proper defendant. In *Daniel*, the Sixth Circuit noted that, "*Unless an employer is shown to control administration of a plan*, it is not a proper party defendant in an action concerning

3

benefits." *Daniel*, 839 F.2d at 266 (emphasis added).

It is true that, in the Seventh Circuit, an ERISA claim for benefits is "generally limited to" a suit against the benefit plan rather than the employer. *Blickenstaff v. R.R. Donnelly & Sons Co. Short Term Disability Plan*, 378 F.3d 669, 674 (7th Cir. 2004) (citing *Jass*). *But see Black v. Long Term Disability Ins.*, 373 F. Supp. 2d 897, 899 (E.D. Wis. 2005) (citing *Blickenstaff* and noting that "the court has never explained the basis for the rule" and "neither the language of § 1132(a)(1)(B) nor any other section of ERISA appears to require it"). Nevertheless, Seventh Circuit opinions decided after *Jass* also recognize that an ERISA action seeking recovery of benefits may proceed against the employer where the plan and the employer are "closely intertwined." *Mein v. Carus Corp.*, 241 F.3d 581, 585 (7th Cir. 2001). In *Mein*, the court allowed an ERISA claim against an employer and the benefit plan to proceed because the employer was also the plan administrator. *Id.* ("While it is silly not to name the plan as a defendant in an ERISA suit, we see no more reason to have this case stand starkly for the proposition that the plan is always the only proper defendant . . . .").

Defendant also relies on ERISA § 502(d)(2), which provides that:

> *Any money judgment* under this subchapter against an employee benefit plan shall be *enforceable only against the plan as an entity* and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter.

29 U.S.C. § 1132(d)(2) (emphasis added). Some courts have interpreted this section to mean that a claim for recovery of benefits pursuant to § 502(a)(1)(B) may only be brought against the benefit plan. *See, e.g.*, *Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1196 (8th Cir. 1998)

4

("Benefits due under the terms of [the plan], can only be obtained against the Plan itself."). *But see Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 351 (5th Cir. 2003) (citing § 501(d)(2) and noting that "other Circuits [including the Sixth Circuit] have allowed employees to maintain actions against their employers for the denial of benefits").

By its terms, § 502(d)(2) applies to "money judgments against an employee benefit plan," and limits the enforceability of such judgments to the plan "as an entity[.]" 29 U.S.C. § 1132(d)(2). Thus, in *Jass*, the Seventh Circuit held that the plaintiff could not recover benefits from an employee of the plan that was sued in her individual capacity. *Jass*, 88 F.3d at 1490 ("The [ERISA] claim was nonetheless properly dismissed because Jass sued Margulis in an individual capacity and 'ERISA permits suits to recover benefits only against the Plan *as an entity* . . . .'") (emphasis added) (quoting *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1324 (9th Cir. 1985)). While § 502(d)(2) clearly limits the enforceability of money judgments against a benefit plan, there is no authority from the Sixth Circuit for the interpretation of § 502(d)(2) argued by Defendant, *i.e.* that in an ERISA action to recover benefits can only be brought against the benefit plan. Section 502(d)(2) itself provides that another person may be liable for a money judgment where "liability is established in his individual capacity . . . ." 29 U.S.C. §1132(d)(2).

Plaintiffs contend that Defendant Menasha Corporation controls BBP,[1] and is the

---

[1] Citing the affidavit of a benefits manager for Menasha Global, LLC, Lori Karls that is attached to Defendant's motion to dismiss. (Dkt. No. 7, Def.'s Mot. to Dismiss, Ex. 5.) According to Karls's affidavit, Menasha Global, LLC, is a subsidiary of Defendant and is responsible for the administration of Defendant's benefit plans. (*Id.* at ¶ 6.)

"administrator" and "sponsor" of BBP.[2] (Compl. ¶ 31.) Plaintiffs also contend, citing evidence submitted by Defendant, that Defendant made the relevant decisions to change the benefits provided to Plaintiffs.[3] *See Sweet v. Consol. Aluminum Corp.*, 913 F.2d 268, 272 (6th Cir. 1990) (allowing an ERISA claim for benefits against an employer that had "some control over whether to pay the benefit"). Defendant does not respond to these contentions, except to argue that BBP is a separate entity from Defendant. Thus, applying the Sixth Circuit standard in *Daniel* and *Sweet*, there is sufficient evidence to indicate Defendant's control over BBP, and the decision to provide the benefits at issue, such that this action may proceed against Defendant.

Nevertheless, the Court is faced with a slightly different question than that faced by the courts in *Daniel*, *Jass*, and *Mein*. In those cases, the courts examined whether a party other than the benefit plan was a proper party to the ERISA action. In the instant case, the Court must decide whether the benefit plan is a necessary party under Rule 19.

The instant case is also distinguishable from *Daniel*, *Jass*, and *Mein* because of the underlying claims. Those cases involved the denial of benefits arising from administration of the plan. Thus, *Daniel* states that a plaintiff can bring an ERISA claim against an entity shown to "control administration" of the plan. *Daniel*, 839 F.2d at 266. Plaintiffs' complaint

---

[2] Citing IRS filings. (Dkt. No. 10, Pls.' Resp. in Opp. to Mot., Ex. 5.)

[3] Lori Karls asserts in her affidavit that Defendant's benefits management committee made the "disputed plan design change that is being litigated in this case." (Dkt. No. 7, Karls Aff. ¶ 17.)

asserts in the preamble that Plaintiffs seek "benefits due and damages for unpaid and denied retiree healthcare benefits" pursuant to § 502(a)(1)(B) of ERISA.[4] (Dkt. No. 1, Compl. 1.) However, Plaintiffs allege that Defendant altered or terminated the benefits at issue, in violation of the CBAs. Thus, Plaintiffs are not contending that Defendant improperly denied Plaintiffs benefits in the course of administering the benefit plan or acting as fiduciary[5] for the benefit plan. In cases involving improper administration of plan benefits, relief might consist of payment of benefits from the plan, and it may be that the benefit plan is a necessary party in such actions. However, Plaintiffs claim that Defendant, acting as *employer*, altered or terminated a welfare benefit that Defendant was itself obligated to provide. When an employer amends or terminates employee welfare benefits, it is acting in its role as an employer, not as a fiduciary for the benefit plan. *Adams v. Avondale Indus., Inc.*, 905 F.2d 943, 947 (6th Cir. 1990) ("[A] company does not act in a fiduciary capacity when deciding to amend or terminate a welfare benefits plan."), *quoted in Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 78 (1995). *See also Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 718 (6th Cir. 2000) ("[O]nly discretionary acts of plan management or administration, or

---

[4] Section 502(a)(1)(B) permits a "participant or beneficiary" to bring a civil action:

to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

29 U.S.C. § 1132(a)(1)(B).

[5] "[F]or purposes of ERISA, a 'fiduciary' not only includes persons specifically named as fiduciaries by the benefit plan, but also anyone else who exercises discretionary control or authority over a plan's management, administration, or assets." *Chiera v. John Hancock Mut. Life Ins. Co.*, No. 99-3613, 3 F. App'x 384, 389 (6th Cir. Feb. 2, 2001).

those acts designed to carry out the very purposes of the plan," are acts of a fiduciary.)

An allegation that an employer improperly altered or terminated vested health-care benefits in violation of a collective bargaining agreement states a claim under both § 301 of the LMRA and § 502(a)(1)(B) of ERISA. *Winnett v. Caterpiller, Inc.*, 553 F.3d 1000, 1009 n.5 (6th Cir. 2009); *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 489-91 (6th Cir. 2009).[6] The Court is mindful of several Sixth Circuit cases involving claims of alteration or termination of vested benefits under LMRA and ERISA in which it appears that the defendants were employers, and in which there is no indication that the benefit plans were parties to the suit. *See, e.g., Winnett*, 553 F.3d at 1000; *Cole v. ArvinMeritor, Inc.*, 549 F.3d 1064 (6th Cir. 2008); *Yolton v. El Paso Tenn. Pipeline Co.*, 435 F.3d 571 (6th Cir. 2006); *McCoy v. Meridian Auto. Sys., Inc.*, 390 F.3d 417 (6th Cir. 2004)*; Maurer v. Joy Techs., Inc.*, 212 F.3d 907 (6th Cir. 2000). None of the foregoing opinions raised any question as to whether the employers were proper parties, or examined whether the benefit plans were necessary parties to the suit.

The benefit for which Plaintiffs seek recovery is fully-funded healthcare coverage. While this benefit may be provided through BBP, as Defendant contends, Plaintiffs claim that Defendant made the decision to alter or terminate this benefit, and that Defendant, not the benefit plan, is obligated to provide this benefit. *Cf. Wilson v. Kimberly Clark Corp.*, 254 F. App'x 280, 285 (5th Cir. Nov. 5, 2007) (unpublished) (finding that plaintiffs could show

---

[6]In *Tackett*, the plaintiffs sued both the employer and the benefit plans.

that suing the benefit plan was unnecessary because "Plaintiffs alleged specifically that the Defendant (not the plan) was responsible for failing to pay the benefits"); *Rivera v. Network Health Plan of Wis., Inc.*, 320 F. Supp. 2d 795, 801 (E.D. Wis. 2004) (finding no basis in the record for concluding that the benefit plan is a necessary party because the employer is the party that decides what claims to pay and is the party that actually pays). As *Winnett*, *Cole*, *Yolton*, *McCoy*, *Maurer*, and similar cases, suggest, a claim regarding improper alteration or termination of vested benefits by an employer in violation of a CBA may be brought against the employer pursuant to ERISA. The Court is aware of no binding authority holding that the benefit plan is a necessary party to such an action, or that the benefits at issue are recoverable only from the benefit plan.

Defendant contends that it would be prejudiced by failure to join BBP, but it does not indicate what that prejudice might be. Defendant also contends that BBP will be responsible for implementing any relief requested by Plaintiffs; however, because Plaintiffs claim that Defendant is responsible for providing the benefits at issue, and because Defendant made the decision to terminate these benefits, Defendant is the entity that may be subject to liability. The manner in which Defendant complies with its obligations under the CBAs (*i.e.*, through BBP or otherwise) is for Defendant to decide. BBP does not become a necessary party merely because Defendant chooses[7] BBP as the means for providing benefits to Defendant's

---

[7] Plaintiffs contend that Defendant *unilaterally* chose the plan used to provide healthcare coverage for Defendant's retirees, referencing a letter from Defendant to Plaintiff UAW indicating that, in 2005, Defendant decided to transfer retirees from a Blue Cross/Blue Shield
(continued...)

retirees.  Thus, considering Plaintiffs' claims and the record before the Court at this stage, the Court finds that BBP is not a necessary party to this action under Rule 19 of the Federal Rules of Civil Procedure.

The Court also notes that Rule 19 requires dismissal of the action only where joinder of a necessary party is not feasible.  Fed. R. Civ. P. 19(b).  Defendant contends that joinder of BBP would be futile because venue as to BBP is improper in the Western District of Michigan.  Defendant contends that BBP does not maintain any office, conduct any significant business, or have any other minimum contacts with this district.  Defendant provides no evidence to support these assertions.  Thus, even if the Court were to find that BBP is a necessary party, there is insufficient basis for the Court to find that BBP is an indispensable party such that this action must be dismissed.  For the foregoing reasons, the Court will deny Defendant's motion to dismiss.  An order will be entered that is consistent with this opinion.


Dated: <u>June 22, 2009</u>                                       /s/ Robert Holmes Bell
                                                                  ROBERT HOLMES BELL
                                                                  UNITED STATES DISTRICT JUDGE

---

[7](...continued)
plan to Defendant's self-funded plan.  (Dkt. No. 10, Plfs.' Resp. in Opp'n to Mot. for Summ. J., Ex. 2, 04/16/2008 Evans Letter.)  Plaintiffs also note that it is not clear whether BBP is the same plan as the self-funded plan referenced in the letter.  Defendant does not respond to these contentions.