UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MOORE, et al.,

    Plaintiffs,

v.                                                CASE NO. 1:08-CV-1167

MENASHA CORPORATION,            HON. ROBERT HOLMES BELL

    Defendant.
_____/

## OPINION

This matter comes before the Court on Plaintiffs' motion for reconsideration of the Court's July 15, 2010, opinion and order granting Defendant Menasha Corporation's motion for summary judgment on the claims of Plaintiffs Marjorie Moore, Lorraine Peppel, and Naomi Adams ("spouse Plaintiffs"). (Dkt. No. 43.) For the reasons that follow, this motion will be denied.

To warrant the grant of a motion for reconsideration, "[t]he movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR 7.4. In granting Defendant's motion for summary judgment on the claims of the spouse Plaintiffs, the Court determined that "the express terms of the two CBAs indicate that retiree coverage does not cover spouses." (Dkt. No. 39, at 17-18.) Because the express terms of the two CBAs do not extend retiree coverage to spouses, the Court determined that

it was precluded from considering extrinsic evidence, such as the SPDs, in assessing whether coverage is available to the spouse Plaintiffs. Plaintiffs claim that, for a variety of reasons, the two CBAs do expressly extend retiree coverage to spouses, or, at the very least, they are ambiguous as to whether they extend retiree coverage to spouses, and that the Court should thus consider the extrinsic evidence and vacate its previous opinion and order.

In support of their argument that the express terms of the two CBAs do extend retiree coverage to spouses, Plaintiffs first argue that the title of Section 3(b) of the two CBAs — "Employee *and Dependant* Coverage" (emphasis added) — means that Section 7(a) of the 1994 CBA and Section 7 of the 1997 CBA are intended to cover spouses as well as retired employees. In the course of briefing its motion for summary judgment, Plaintiffs adamantly argued to the Court that "Sections 1, 2, and 3(b) [of the 1994 CBA] apply to active employees, and Section 7(a) applies to retiring employees." (Dkt. No. 34, Pls.' Reply 2.) The Court agreed, and held that Article XV was bifurcated into sections addressing active employees, and sections addressing retired and retiring employees. (*See* Dkt. No. 39, Op. 10-11.) Plaintiffs' present argument that the heading from Section 3(b) should carry over and apply to Section 7(a) offends Plaintiffs' previous argument in favor of distinct application and treatment of those two provisions, as well as the Court's endorsement of that argument. In addition, the fact that Section 3(b) expressly extends benefits to dependants of active employees, while Section 7(a) fails to mention dependants when extending benefits to retired employees, evidences an intent to exclude dependants from coverage upon an employee's

2

retirement. Under the plain terms of the two CBAs, dependants are entitled to welfare benefits while an employee is active under Section 3(a), but they are not entitled to welfare benefits upon employee retirement under Section 7(a) and Section 7, respectively.

Plaintiffs next argue that the two CBAs expressly extend coverage to retirees' spouses because the two CBAs expressly incorporate the terms of a multitude of documents that allegedly constitute the insurance agreement between Menasha and its insurance provider (collectively "insurance documents"), and the insurance documents extend coverage to dependants, including spouses. Plaintiffs raise this argument for the first time in their motion for reconsideration. At no point throughout the course of the summary judgment briefing did Plaintiffs reference the terms of the insurance documents, or even provide the insurance documents for the Court's review.[1] "'A motion for reconsideration may not generally be used to raise issues that could have been raised in the previous motion,' and the Court finds this reason alone to be a sufficient basis on which to deny [Plaintiffs'] present motion." *Whitesell Corp. v. Whirlpool Corp.*, No. 1:05-CV-679, 2009 WL 3672753, at *1 (W.D. Mich. Oct. 30, 2009) (quoting *ITT Corp. v. Borgwarner, Inc.*, No. 1:05-CV-674, 2009 WL 2611210 (W.D. Mich. Aug. 24, 2009)). In any event, the Court finds Plaintiffs' argument to be meritless. Even if the insurance documents are incorporated into the CBA, they cannot be read to create a right to lifetime health insurance benefits in favor of the spouse Plaintiffs.

---

[1]Defendant did submit the insurance documents as an attachment to its summary judgment motion, but the Court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1480 (6th Cir. 1989).

Plaintiffs cite three provisions in the insurance documents in support of their argument that the CBAs extend benefits to spouses of retired employees. First, the 1994 Group Enrollment and Coverage Agreement between Blue Cross Blue Shield ("BCBS") and Menasha states: "newly acquired dependants must be added within 30 days of the event, e.g., spouse by marriage, newborn." (Dkt. No. 28, Ex. 5 at 112.) The Court fails to see how this provision extends lifetime health insurance benefits to the spouses of retirees. Though it does address the procedure surrounding the addition of dependants to the plan, it certainly does not create the right of dependants to be added to the plan. In addition, because, as discussed above, the 1994 and 1997 CBAs do extend coverage to spouses of *active* employees, there are no inconsistencies between the inclusion of this provision in the insurance contract and the CBAs' clear exclusion of spouses from the scope of benefits provided by Sections 7(a) and 7. In other words, the 1994 CBA and BCBS contract, read in combination, require that newly acquired dependants of *active* employees, not retired employees, be added to the plan within thirty days.

Next, Plaintiffs cite to the 1998[2] "Blue Cross and Clue Shield of Michigan Addendum to Group Enrollment & Coverage Agreement" ("Addendum"). (Dkt. No. 28, Ex. 5, at 140.) The Addendum states that "[s]ubscriber contracts enrolled under [the Addendum] are limited to qualified retirees and survivors eligible under the Group's Retirement Program." (*Id.*)

---

[2] The Court also notes that, even if a document from 1998 did extend rights to benefits to spouses of retirees, it could not be read to retroactively extend rights to spouses of retirees that retired under the 1994 CBA.

4

Again, the Court fails to see how this provision extends lifetime health insurance benefits to the spouses of retirees. First, the use of the term "survivors" is problematic for Plaintiffs' argument. "Survivors" implies a category that is much narrower than "spouses." None of the spouse Plaintiffs are "survivors" of a retiree, as all the retirees are still living. In addition, the provision itself acknowledges that only "survivors" that are "eligible under the Group's Retirement Program" are entitled to benefits. As discussed above, neither Sections 7, Section 7(a), or any other provision of the 1994 or 1997 CBAs make "survivors," or any other dependants *of retirees*, eligible for coverage under the group's retirement program.

Finally, Plaintiffs cite to the 1998 "Request for Retiree Segment," which is part of the 1998 Group Enrollment and Coverage Agreement. The Request for Retiree Segment indicates that the "surviving spouse option [is] available." (Dkt. No. 28, Ex. 5 at 142.) Again, the use of the phrase "*surviving* spouse option" is problematic to Plaintiffs argument, as none of the spouse Plaintiffs are currently "surviving" spouses. Even more problematic to Plaintiffs' argument, however, is the fact that the 1998 Group Enrollment and Coverage Agreement itself states that if the surviving spouse option is available, it "must be supported by a formal retirement program." (*Id.* at 148.) No provision of the 1994 or 1997 CBAs, which constitute the "formal retirement program," can be read to support Plaintiffs' argument that spouses of retirees are entitled to lifetime health benefits.

Finally, Plaintiffs implore the Court to consider the SPDs, admissions of Menasha representatives, and the Defendants' prior practice, which all suggest that spouses of retired

5

employees are entitled to benefits on the same terms as the employees. (*See* Dkt. No. 28, Ex. 3, at 17.) However, as the Court made clear in its previous opinion, this evidence is extrinsic evidence, and the Court may not consider it when there is no ambiguity in the terms of the CBAs themselves. (*See* Dkt. No. 39, Op. 17-18.) Because there is no basis for the Court to conclude that the terms of the CBAs themselves extend lifetime health benefits to retirees' spouses, there was no palpable defect in the Court's July 15, 2010, opinion and order.

An order consistent with this opinion shall be entered.


Dated: August 10, 2010                                    /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                          UNITED STATES DISTRICT JUDGE