UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MOORE, et al.,

        Plaintiffs,

                                            File No. 1:08-CV-1167

v.

                                            HON. ROBERT HOLMES BELL

MENASHA CORPORATION,

        Defendant.
                                      /

## **O P I N I O N**

On July 15, 2010, this Court granted partial judgment in favor of Defendant Menasha Corporation on Plaintiffs Marjorie Moore, Lorraine Peppel, and Naomi Adams's Employee Retirement Income Security Act ("ERISA") and Labor Management Relations Act ("LMRA") claims, and partial judgment in favor of Plaintiffs Robert Moore, Eleanor Rhodes, Gustave Peppel, and Victor Adams on their ERISA and LMRA claims. (Dkt. No. 42.) On September 8, 2010, this judgment was appealed by Plaintiffs (Dkt. No. 73) and Defendant (Dkt. No. 71). On August 22, 2012, the Sixth Circuit reversed this Court's entry of partial judgment in favor of Defendant and remanded for entry of judgment in favor of all Plaintiffs. (Dkt. No. 85.) Accordingly, this Court entered an amended judgment in favor of all Plaintiffs on September 28, 2012, awarding Plaintiffs fees and expenses incurred through June 2010 in the amount of $129,080.75. (Dkt. Nos. 88-89.) On November 29, 2012, the Court granted Plaintiffs' motion for a permanent injunction giving effect to the amended judgment.

Presently before the Court are Plaintiffs' supplemental motion for attorney fees and expenses (Dkt. No. 91), Plaintiffs' motion for leave to file a reply brief on the fees issue (Dkt. No. 97), and Defendant's motion for leave to file a sur-reply brief (Dkt. No. 99). For the reasons that follow, Plaintiffs' supplemental motion for attorney fees will be granted, and the other two motions will be denied as moot.

I.

This action having been brought under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "[A] fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees." *Hardt v. Reliance Std. Life Ins. Co.*, 130 S. Ct. 2149, 2158 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). In assessing a fees motion, the Court may consider the following:

> (1) the degree of the opposing party's culpability or bad faith;
> (2) the opposing party's ability to satisfy an award of attorney's fees;
> (3) the deterrent effect of an award on other persons under similar circumstances;
> (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and
> (5) the relative merits of the parties' positions.

*Sec'y of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jordan v. City of Cleveland*,

464 F.3d 584, 602 (6th Cir. 2006). The party seeking attorney fees pursuant to this "lodestar" calculation bears the burden of documenting his entitlement to the award with "evidence supporting the hours worked and rates claimed." *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999) (quoting *Hensley*, 461 U.S. at 433).

## II.

Previously, this Court concluded that the prevailing market rate was $300 for Plaintiffs' attorneys and $125 for Plaintiffs' paralegals and law clerks. (Dkt. No. 77, at 12.) Neither party disputes these hourly rates. Using these hourly rates, Plaintiffs seek $219,796.59 in fees and costs incurred between July 2010 and September 2012. This amount is sought for work related to Plaintiffs' motion for reconsideration and reply brief (Dkt. Nos. 43, 54), Plaintiff's original fee motion and reply brief (Dkt. Nos. 46-51, 70-71, 80-81), Plaintiffs' response to Defendant's fees motion (Dkt. No. 65), another reply brief related to fees (Dkt. No. 62), and representation of Plaintiffs in the Sixth Circuit in connection with Plaintiffs and Defendant's cross-appeals on the merits and cross-appeals on fees.

### A. Legal Analysis

Defendant disputes this fee request, raising four arguments: (1) the Court should limit Plaintiffs' requested fees that relate to the attorney fees litigation (i.e. "fees on fees") to 3% of the total hours spent on the merits issues; (2) the United Steel, Paper and Forestry, Rubber Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO-CLC ("USW") is not entitled to recover fees under ERISA; (3) the total hours expended

by Plaintiffs' counsel are excessive and unreasonable; and (4) Plaintiffs' requested costs are unreasonable.

**1. Fees on Fees**

Defendant contends that 30% of the hours claimed by Plaintiffs relate to time spent litigating the attorney fees issue and that these hours should be limited to 3% of the time spent on the merits. "In the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial." *Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986). Plaintiffs counter that there are unusual circumstances in this case, noting that the fee-related issues were generated by the mixed-merits result in this Court and by the cross-motions and cross-appeals addressing both merits and fees. Plaintiffs also argue that Defendant presented a "kitchen sink" resistance to Plaintiffs' fee petition, meaning that much of the fee-related litigation was devoted to Defendant's claims.

The Sixth Circuit has rejected the argument that "'protracted' fee litigation [in the district court] is itself an unusual circumstance . . . ." *Ne. Ohio Coal. for Homeless v. Sec'y of Ohio*, 695 F.3d 563, 575 (6th Cir. 2012) (quoting *Auto Alliance Int'l v. U.S. Customs Serv.*, 155 F. App'x 226, 229 (6th Cir. 2005)). However, "the three percent cap on fees for fees [is] inappropriate where the losing party engaged in 'protracted and needless appellate litigation'" over fees. *Id.* (quoting *Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 502 (6th Cir. 2006)). Similarly, unusual circumstances have been found to exist

when a case involves otherwise noncompensable work at the administrative level. *See Klein v. Cent. States. Se. and Sw. Areas Health and Welfare Plan*, 621 F. Supp. 2d 537, 545 (N.D. Ohio 2009).

In light of this precedent, the Court concludes that unusual circumstances did not exist in this case. While the Court did not find a great deal of merit in Defendant's objections to the amount of hours claimed in Plaintiffs' original fees petition, objections of that nature are by no means unusual, especially in contentious litigation such as this, where both parties are guilty of overreaching. Moreover, protracted fee litigation – as was necessitated by the mixed-merits result in this Court and the subsequent remand – is not considered an unusual circumstance under Sixth Circuit precedent. *See Ne. Ohio Coal. for Homeless*, 695 F.3d at 575. Nor does the Court find that Defendant engaged in protracted or needless appellate litigation over fees. Defendant's appeal concerned the amount of fees this Court awarded to Defendant as much as it concerned the amount awarded to Plaintiffs. As this Court noted, the difficulty in calculating the proper amount of fees to award "is exacerbated where, as here, more than one party can rightly claim attorney fees and costs under the relevant statute, and the Court weighs one position against the other." (Dkt. No. 77, at 14-15.) Given the Court's mixed-merit decision in which both parties enjoyed some degree of success, the Court does not find Defendant's grounds for appeal frivolous.

Consequently, the Court will reduce the hours claimed by Plaintiffs for "fees on fees" to 3% of the hours expended on the merits. However, the Court will not discount the hours

claimed by Plaintiffs for litigating Defendant's request for fees. *Coulter* did not concern a mixed-merits decision, as here, where time spent in the fees litigation related to defending against an opposing party's fee request. Such time does not constitute "fees on fees" time meriting reduction because the party opposing fees does not share the same economic incentive to protract litigation.

### 2. USW

Defendant's second argument is that the USW is not entitled to recover fees under ERISA. Because the individual plaintiffs' attorneys have already been paid by the USW (*see* Dkt. No. 94, Ex. 7), Defendant contends that these amounts should be deducted from Plaintiffs' fee request. This argument is without merit.

Defendant is correct that ERISA fees and costs are available only to a party, 29 U.S.C. § 1132(g)(1), and the USW was not a party to the ERISA claims in this case. However, Plaintiffs are not seeking an award of attorney fees for the USW as a party. Instead, they are correctly seeking fees only for attorney work related to the ERISA claims. What Defendant appears to take issue with is the fact that Plaintiffs' attorneys were provided subsistence support in this litigation by the USW.[1] But this Court has already held that it is not bound by Plaintiffs' attorneys' actual billing rates in this matter. (Dkt. No. 77, n.5.) Moreover, the law is clear that the presence of such subsistence support does not alter the Court's authority to award fees at the prevailing market rates. *See Blum v. Stenson*, 465 U.S. 886, 895-96

---

[1] Plaintiffs admitted this in their original motion for attorneys fees. (Dkt. No. 46, at 14 n.4.)

(1984) (holding that reasonable fees are "to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel"); *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party."); *Barrow v. Falck*, 977 F.2d 1100, 1105 (7th Cir. 1992) (citing examples of cases in which lawyers who donate their services at bargain rates to causes they find worthy of support, such as with "the representation of unions," were allowed to collect "the fees they could obtain if the charitable element were removed"). Because Plaintiffs' attorneys appear to have only been provided subsistence support from the USW – as opposed to that support being the market rate for their services – the Court will provide them with the full market rate, as determined by the Court's March 1, 2011, opinion. (Dkt. No. 77.)

**3. Hours**

Third, Defendant contends that the total hours expended by Plaintiffs' counsel are excessive and unreasonable. The reasonableness of the hours and rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

7


*Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (quoting *Reed*, 179 F.3d at 471-72 n.3).

Defendant's arguments on this matter relate to two general concerns. First, Defendant singles out the hours claimed by Attorney Stuart Israel, claiming that these hours are excessive both when compared to the time spent by Defendant's lead attorney and in light of Israel's substantial experience with fee litigation. Second, Defendant argues that the 866.25 total hours billed by Plaintiffs from July 2010 to September 2012 is excessive when compared to the 604.20 hours billed by Defendant's attorneys in that same time period.

Defendant's lead attorney, Brian Schwartz, has billed 375.70 hours since July 2010, compared with 591 hours billed by Israel. However, this comparison is irrelevant to the reasonableness of Israel's fees because there is nothing in the law requiring lead attorneys to work a comparable amount of hours. The difference in hours billed between Schwartz and Israel could be accounted for by any number of innocuous reasons, such as a difference in each's willingness to delegate responsibilities.

Defendant also highlights Israel's expertise in fee litigation, and argues that the fact that he billed 200 hours litigating the attorney fees issues in this case displays "absolutely no economies of scales or billing efficiencies." Defendant's assertion that Israel billed 200 hours for the fees litigation is inaccurate. First, whenever Israel billed for a block of time, part of which included work on a fees matter, Defendant lumped the entire block of time into "fee for fee" billing by Israel. (*See* Dkt. No. 93, Ex. 4.) For example, on July 16, 2010, Israel

8

billed 7.25 hours for "research and draft rehearing motion; consult B. Payne; letter to clients; telephone Clark; research on deadlines, attorney fees, appeal notice." (*Id.*) Defendant includes all 7.25 hours as "fee for fee" billing. (*Id.*) Similarly, on March 2, 2012, Israel billed 3.75 hours for "prepare for fees argument; prepare for merits argument," all of which Defendant attributed to "fees on fees" billing. (*Id.*) Second, whenever Israel documented hours for appellate work related to responding to Defendant's own fees appeal, Israel also included that as "fees on fees" billing. For example, on August 5, 2011, Israel billed 5.25 hours for "review Menasha appeal brief; research issues and review documents," all of which Defendant attributed to "fees on fees" billing. (*Id.*) As discussed above, hours billed by Plaintiffs for litigating Defendant's request for fees are not "fees on fees" hours meriting reduction. Consequently, the Court is unwilling to broadly conclude that the time spent by Israel on fees litigation before this Court or the Sixth Circuit was excessive or unreasonable based on Defendant's "calculations" that show Israel with 200 hours of "fees on fees" billing.[2]

Last, Defendant compares the 866.25 total hours billed by Plaintiffs' attorneys with the 604.20 hours billed by Defendant's attorneys. (*See* Dkt. No. 93, Ex. 9, ¶ 5.) There is more merit to this comparison, as there is an approximately 30% difference between these two numbers. Undergoing its own analysis of the billed hours (*see infra* Part B.2), the Court

---

[2]That is not to say that all the time spent by Israel in this matter was reasonable, however. In Part B below, the Court undergoes its own analysis of the reasonableness of Plaintiffs' attorneys' hours.

9

agrees that the 866.25 hours billed by Plaintiffs' attorneys for this matter was excessive and will reduce these hours.

### 4. Costs

Defendant's final argument regarding the fees is that the costs claimed are unreasonable. Plaintiffs request $4,021.59 in expenses. This figure includes photocopying, telephone, travel, and other litigation-related expenses. It also include two Sixth Circuit filing fees and the filing fee for this Court. Defendant argues that Plaintiffs have given little detail justifying these costs. For example, Defendant notes that Plaintiffs seek $1,149.47 in reproduction costs with no explanations. Defendant also points out a $146.79 charge for telephone expenses, which it claims is an unrecoverable overhead cost, and a $308.84 charge for computer research.

"The burden is on the party seeking reimbursement for photocopying costs to show that the copies were necessary for use in the case." *Charboneau v. Severn Trent Labs.*, No. 5:04-CV-116, 2006 WL 897131, at *2 (W.D. Mich. Apr. 6, 2006). While Plaintiffs are entitled to reproduction costs that are "reasonable and necessary," *Rankins v. Rots*, No. 02-CV-71045, 2006 WL 1791377, at *2 (E.D. Mich. June 27, 2006), Plaintiffs have provided no evidence that $1,149.47 in such costs were necessary for this matter. Copying costs are generally limited to "those costs incurred for copies of documents prepared for the court's consideration or for the opposing party." *Pion v. Liberty Dairy Co.*, 922 F. Supp. 48, 53 (W.D. Mich. 1996) (Miles, S.J.). Likewise, "[c]opies obtained only for the convenience of

counsel, including extra copies of filed papers and correspondence, are ordinarily not recoverable." *Charboneau*, 2006 WL 897131 at *1 (citing *Fla. Keys Citizens Coal., Inc. v. U.S. Army Corps of Eng'rs*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005)).

Plaintiffs provide no detail whatsoever as to what these reproduction costs entailed. (*See* Dkt. No. 91, Ex. C.) The Court can infer that some of these costs are related to "chambers copies" provided to the Court by Plaintiffs. However, because the time period at issue does not include discovery, and both the Sixth Circuit and this Court use electronic filing, the Court can also infer that much of Plaintiffs' reproduction costs are unrecoverable. Given the lack of detail provided, the Court will substantially reduce these costs by 80%.

As for computer research costs, district courts in the Sixth Circuit are split as to whether they constitute recoverable expenses. Some have argued that these costs are generally built-in to the hourly rate for attorney time and are thus not recoverable. *See Fharmacy Records v. Nassar*, 729 F. Supp. 2d 865, 894 (E.D. Mich. 2010) ("[T]he majority of courts which have considered the matter have denied recovery for computer legal research as a separate expense.") Others have awarded these costs. *See Project Vote v. Blackwell*, No. 1:06-CV-1628, 2009 WL 917737, at *19 (N.D. Ohio Mar. 31, 2009) (holding that although the Sixth Circuit has not addressed the issue, "the weight of recent authority favors treating computerized legal research as a recoverable expense").

The key question is whether computer-research expenses are "of a type billed separately to the client, i.e., not absorbed in the attorney's hourly rate as overhead."

11

*Gradisher v. Check Enforcement Unit, Inc.*, No. 1:00-CV-40, 2003 WL 187416, at *8 (W.D. Mich. Jan. 22, 2003) (Quist, J.). While it is a close question, the Court concludes that the modern practice is to charge clients separately for computer-research costs. Thus, the Court will award the $308.84 requested by Plaintiffs for such costs. Similarly, the Court concludes that the telephone and other expenses sought by Plaintiffs as costs are recoverable. *Id.* ("Courts have found that expenses ordinarily charged to clients include photocopying, travel, telephone costs, postage, and computer-assisted legal research.").

Plaintiffs also seek the $350 district court filing fee as part of their costs. The Court notes that in its opinion regarding the original fee petition the Court stated that "the $350 filing fee will be included in the Court's determination of total attorney fees and costs to be awarded." (Dkt. No. 77, at 13.) However, this filing fee was not ultimately awarded in this Court's September 28, 2012, order awarding Plaintiffs $129,080.75 in fees and costs.[3] (Dkt. No. 88.) Thus, it will be awarded now. Plaintiffs also include the $455 filing fee for their merits appeal. The Sixth Circuit denied Plaintiffs' motion for this fee without prejudice due to Plaintiffs filing the same motion in this Court. (Dkt. No. 96.) Accordingly, this filing fee will also be awarded. The Court will also award the rest of the claimed costs, which are undisputed and proper.

**B. Fee Award**

---

[3]The Court arrived at that figure by multiplying the billed hours documented in Plaintiffs' original fee motion by the $300 and $125 market rates previously set by the Court and then adding their requested costs, which did not include the $350 filing fee. (*See* Dkt. No. 46, n.6.)

12

**1. Fees on fees Hours**

The Court will break down the 866.25 hours billed by Plaintiffs' attorneys by "fees on fees" time and merits time. While Defendant attributes 396.5 hours as "fees on fees" time, this Court's analysis of the time sheets submitted by Plaintiffs reveals approximately 203.25 hours (55.75 attorney hours, 147.5 law clerk/paralegal hours) spent exclusively on "fees on fees" matters such as preparing motions for attorney fees, briefs in support of such motions, reply briefs in support of such motions, and appellate briefs. It does not include time spent preparing response briefs to fee motions brought by Defendant.

In addition to these 203.25 hours, the time sheets indicate that Plaintiffs' attorneys billed 37.25 hours (34.5 attorney hours, 2.75 law clerk/paralegal hours) in blocks for various activities that included "fees on fees" matters. "Block billing" frustrates the Court's ability to determine whether a reasonable number of hours were expended on each task. *See Gratz v. Bollinger*, 353 F. Supp. 2d 929, 939 (E.D. Mich. 2005) (reducing attorney fee award because counsel's proffered billing entries contained "block billing"). The Court would thus be justified in attributing all 37.25 hours as "fees on fees" work in light of Plaintiffs' use of block billing. But while Plaintiffs bear the burden of the establishing the reasonableness of billed hours, the Court is unwilling to entirely ignore the fact that merits hours are included in these blocks. Thus, the Court will attribute 20% of the 37.25 hours to merits time (6.9 attorney hours, .55 law clerk/paralegal hours), and attribute the remaining 80% to "fees on fees" time (27.6 attorney hours, 2.2 law clerk/paralegal hours).

13

Thus, the Court concludes that, in total, 233.05 hours (83.35 attorney hours, 149.7 law clerk/paralegal hours)[4] were spent on "fees on fees" litigation. In accordance with *Coulter*, the Court will cap these hours at 3% of the hours spent on the merits.

**2. Merit Hours**

After taking out the "fees on fees" time from the supplemental fee petition, there are 530.9 attorney merit hours and 102.3 law clerk/paralegal merit hours included.[5] The hours spent on the merits in this case (including the merit hours from the original fee petition) are thus 1089.34 (930.65 attorney hours, 158.69 law clerk/paralegal hours).[6] However, the Court finds much of the time submitted with the supplemental petition for attorney fees to be excessive and unreasonable.[7] For example, Israel alone billed 155.5 hours for work, beginning on September 27, 2010, on the appellate merits brief efiled on November 22, 2010.

---

[4] This figure was reached by adding together the 203.25 hours solely attributable to "fees on fees" work and the 29.8 block billed hours this Court is attributing to "fees on fees" work. For a further breakdown:

Attorney hours: 55.75 exclusively "fees on fees" hours + 27.6 block billed hours
Law clerk/Paralegal hours: 147.5 exclusively "fees on fees" hours + 2.2 block billed hours

[5] The Court started with the 6.9 attorney hours and .55 law clerk/paralegal hours from the 20% portion of the block billing attributed to merits work. The Court then added 524 and 101.75 hours respectively to account for the remaining hours in the supplemental fee petition that did not involve "fees on fees" work in the Court's estimation.

[6] In an opinion resolving the first fee petition, this Court accepted 399.75 attorney hours and 56.39 law clerk/paralegal hours, all on merits issues. (Dkt. No. 77.) The Court added 530.9 attorney hours and 102.3 law clerk/paralegal hours (the merit hours from the supplemental fee petition) to these numbers.

[7] The Court will not review the hours from the original fee petition because it has already awarded fees for that time. (Dkt. No. 88.)

14

(*See* Dkt. No. 91, Ex. B, at 5-7.) While some of this time can be attributed to block billing, the "Description of Services" for the substantial majority of the hours included in that figure consists solely of "research, draft, and revise appeal brief" or "research and draft appeal brief." (*Id.*) To Israel's credit, the body of the brief was 60 pages, and the positions taken in the brief were ultimately successful. Nevertheless, the Court finds 155.5 hours for a single appellate brief excessive and unreasonable.

If the billing records contained more detail about the nature of this time, the Court might find it justified. However, the burden is on Plaintiffs to provide such detail, and, without such detail, the Court finds that this time and the rest of the billed time (which is similarly documented) is excessive. Consequently, the Court will reduce the merits hours in the supplemental attorney fee petition – but not those in the original fee petition, which have already been awarded in full – by 30%.[8] The Court recognizes that the Sixth Circuit has instructed that "[a] district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1176 (6th Cir. 1990); *see also Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). However, when faced with such vague and inadequate documentation, the admittedly-general explanation the Court has proffered for this 30% reduction is as particular

---

[8]As discussed in Part A, during the time period covered by the supplemental fee petition, Defendant's attorneys and paralegals billed 604.20 hours, 30% less than the 866.25 hours billed by Plaintiffs' attorneys and paralegals. (Dkt. No, 93, Ex. 10, ¶ 5.) While the Court considers a 30% reduction generous for Plaintiffs' attorneys and believes it could reduce the hours more, a 30% reduction aligns Plaintiffs' attorneys' hours with those of Defendant's attorneys.

15

as the Court can be.

Accordingly, for purposes of the 3% *Coulter* rule the Court will accept 771.38 total attorney hours on the merits and 128 law clerk/paralegal hours on the merits, for a total of 899.38 hours.[9] Of these hours, 371.63 attorney hours (70% of 530.9) and 71.61 law clerk/paralegal hours (70% of 102.3) are accepted from the supplemental fee petition and will be awarded to Plaintiffs attorneys at the $300 and $125 market rates determined in this Court's resolution of the first fee petition.[10] (*See* Dkt. No. 77.)

### 3. Award

The accepted "fees on fees" hours total 233.05 hours (83.35 attorney hours, 149.7 law clerk/paralegal hours). The Court will take 3% of the merits hours accepted (899.38 hours) and then limit these "fees on fees" hours proportionally between the attorney hours and law clerk/paralegal hours. Three percent of 899.38 is 26.9814 hours. Thus, the Court will award Plaintiffs' attorneys for the maximum of 26.9814 hours of "fees on fees" work. Because 36% of the "fees on fees" billing was attributable to attorneys (83.35 of the 233.05 hours), the Court will award 36% these hours at the $300 attorney rate, and the other 64% at the

---

[9] These figures were reached in the following manner:

Attorney: 399.75 merit hours (from first fee petition) + 70% of 530.9 merit hours from supplemental petition.

Law Clerk/Paralegal: 56.39 merit hours (from first fee petition) + 70% of 102.3 merit hours from supplemental petition

[10] Fees for the other merits hours have already been awarded. (*See* Dkt. No. 88.)

16

$125 law clerk/paralegal rate. This results in $5,072.50 total for "fees on fees" billing.[11]

The Court has also accepted 371.63 attorney merit hours and 71.61 law clerk/paralegal merit hours from the supplemental fee petition. At the $300 and $125 market rates, Plaintiffs attorneys are entitled to $120,440.25 for merits fees.

For costs, 20% of the reproduction expenses is $229.89. The Court is awarding all other requested expenses in full. Thus, Plaintiffs attorneys are entitled to $3,102.01 for costs.

In sum, Plaintiffs will be awarded $128,614.76 in fees and costs incurred from July 2010 to September 2012.

### III.

Plaintiffs' supplemental motion for attorney fees and expenses (Dkt. No. 91) will be granted in part, as discussed in this opinion. The Court considered both Plaintiffs' Reply and Defendant's Sur-Reply in reaching this decision. Thus, the motions for leave to file (Dkt. Nos. 97, 99) will be denied as moot.

An order consistent with this opinion will be entered.


Dated: January 25, 2013            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED   STATES   DISTRICT   JUDGE

---

[11]This figure was reached by adding together the following two calculations:

Attorney:             (.36*26.9814)*$300 = $2,913.99
Law Clerk/Paralegal:  (.64*26.9814)*125 = $2,158.512

17